UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
JAMAL MARK,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, DONALD
SADOWY, DONALD SETO, and JOHN and
JANE DOES 1-3,

               Defendants.
---------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

      Plaintiff Jamal Mark, by his attorneys Lumer & Neville, as and for their Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

      1.    At all times hereinafter mentioned, plaintiff Jamal Mark was an adult male resident of Kings County, in the State of New York.

      2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

      3.    At all relevant times hereinafter mentioned, defendant Donald Sadowy (Shield 13497), was employed by the City of New York as a member of the NYPD. Defendant Sadowy is sued herein in his official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant Donald Seto (Shield 08057), was employed by the City of New York as a member of the NYPD. Defendant Seto is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendants John and Jane Does 1-3 were members of the NYPD whose actual identities are unknown to plaintiff. The Doe defendants are sued herein in their official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

**RELEVANT FACTS**

8. On January 13, 2012, at or about 4:40 p.m., plaintiff was operating a motor vehicle in the vicinity of Livonia Avenue and Powell Street in Brooklyn, New York.

9. Plaintiff's operation of the motor vehicle at that time was lawful and plaintiff did not violate any laws or regulations concerning the operation of motor vehicles in the City and/or State of New York.

10. At or about that time, defendants Sandowy and the Doe defendants, and, upon information and belief, Seto, were present near the same intersection of Livonia Avenue and Powell Street inside an NYPD van.

11. Each of the individual defendants was on duty at the time.

12. Although plaintiff had not violated any laws, rules, or statutes, and despite the absence of any basis for stopping or detaining plaintiff, the individual defendants directed plaintiff to pull his vehicle over.

13. The individual defendants directed plaintiff to exit his vehicle, and then, without seeking or receiving any consent from plaintiff, searched his vehicle.

14. The defendants, falsely claiming to have recovered marijuana from the vehicle, then handcuffed and arrested plaintiff.

15. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

16. Defendants transported plaintiff to a local area NYPD station house, where he was imprisoned against his will.

17. At some point thereafter, defendants transported plaintiff, or caused him to be transported, to Kings County Central Booking, where he was further detained against his will by employees of the defendant City of New York.

18. While plaintiff was were unlawfully imprisoned by the defendants, the defendants completed arrest paperwork which, upon information and belief, alleged that defendant Sandowy observed plaintiff smoking marijuana in his car.

19. This allegation was false and Seto and Sandowy must have known it was false at the time the allegations were made.

20. The defendants forwarded these false allegations to the Kings County

District Attorney ("KCDA") or the New York City Criminal Court ("NYCCC") in order to justify the arrest and to persuade the KCDA or NYCCC to commence and/or continue the plaintiff's criminal prosecution.

21. The defendants knew and understood that the KCDA and the NYCCC were relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the plaintiffs.

22. Defendants were aware that the KCDA and the NYCCC assumed that all of the factual statements, claims and allegations that defendants relayed to the KCDA and the NYCCC were truthful in all material respects.

23. Defendants further knew and understood that they were obligated to provide any and all exculpatory information to the KCDA and the NYCCC, and that defendants were expected to turn over to or otherwise provide the KCDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

24. Seto then swore out a criminal complaint in which he alleged that he was told by Sandowy that Sandowy had observed plaintiff in his vehicle smoking marijuana.

25. The KCDA, relying entirely on defendants' false representations, initiated the prosecution against plaintiff under docket 2012KN003748.

26. The above-mentioned allegations were false, including the claim that one or more defendants saw plaintiff smoking marijuana in his car, and the defendants knew them to be false at the time the defendants made the false allegations.

27. In fact, the defendants were aware that their initial stop of plaintiff was

unlawful, as was their subsequent search of his person and the interior of his vehicle.

28. The defendants knew that they lacked a sufficient legal basis to stop plaintiff and that they lacked a sufficient legal basis to search his car.

29. Accordingly, in order to justify their unlawful stop, search, and arrest of plaintiff, the defendants fabricated a story about seeing plaintiff smoking marijuana in his car when no such conduct occurred.

30. At his arraignment on January 15, 2012, after he was imprisoned for about two days, plaintiff accepted an adjournment in contemplation of dismissal. His case was later formally dismissed.

31. At no time did defendants have probable cause to seize, detain or arrest plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

32. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the illegal, unlawful and unconstitutional conduct engaged in by their fellow officers against the plaintiff.

33. The defendants' illegal, unlawful, and unconstitutional actions against the plaintiff in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

34. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

35. Plaintiff repeats the allegations contained above as though stated fully herein.

36. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

37. The individual defendants fabricated evidence in order to manufacture probable cause for the plaintiff's arrest, and to cover up their unlawful conduct, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

38. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, unlawful searches of person and property, and denial of due process through the fabrication of evidence, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

39. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

40. Plaintiff repeats the allegations contained above as though stated fully herein.

41. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

42. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

43. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD

business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

44. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

45. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

46. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

47. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

48. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

49. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii. on the second cause of action, actual damages in an amount to be determined at trial; and

    iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv. such other relief as the Court deems just and proper.

Dated: November 4, 2014
        New York, New York

LUMER & NEVILLE
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

By: *[signature]*
Michael B. Lumer (ML-1947)